UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **STEPHANIE LYNN GIBSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE** |
| v. ) | **NO.** |
| ) | |
| Param Krupa LLC and Pari K LLC  ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

Plaintiff Stephanie Lynn Gibson (hereinafter "Plaintiff"), by and through their counsel of record file this lawsuit against **Param Krupa LLC and Pari K LLC** (collectively hereinafter "Defendants") pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA" or Act") to obtain the liability due to Plaintiffs under the Act. Specifically, Plaintiffs seek the liability owed for minimum wage and overtime compensation violations, including an equal amount in liquidated damages, and an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) of the Act.

**I.   Parties**

1. Plaintiff resides in McRae, Telfair County, Georgia.

2. Defendant Param Krupa LLC is a domestic limited liability company organized under the laws of the State of Georgia and registered with the Georgia Secretary of State which operates a hotel known as the Fairbridge Inn & Suites located at 200 A Valley Dr, Perry, Georgia, 31069.

3. Defendant Pari K LLC is a domestic limited liability company organized under the laws of the State of Georgia and registered with the Georgia Secretary of State which operates a hotel known as the Derby Inn located at 200 A Valley Dr, Perry, GA, 31069.

4. This lawsuit is brought pursuant to the FLSA for equitable and declaratory relief and to remedy violations of the minimum wage and overtime provisions of the Act. 29 U.S.C. §§ 206 AND 207.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

6. Venue is proper in the United States District for the Middle District of Georgia pursuant to 28 U.S.C. §1391.

7. Defendants are subject to personal jurisdiction in the State of Georgia for the purpose of this lawsuit.

8. At all times material to this action, Defendants operated together as single

enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1) of the FLSA and has an annual gross volume of sale in excess of five-hundred thousand dollars ($500,000.00).

9. At all times material to this action Defendants were an employer of Plaintiffs as defined by 29 U.S.C. §203(d) of the FLSA.

10. At all times material to this action Plaintiff was an employee of the Defendants as defined by 28 U.S.C. §203 of the FLSA.

11. At all times material to this action, Defendants employed Plaintiff, including suffering permitting Plaintiff to work as defined by 29 U.S.C. §203(g).

## II.  Facts

12. Param Krupa, LLC (hereinafter "Fairbridge") and Pari K, LLC (hereinafter the "Derby") both operate hotels in Perry, Georgia and offer guest rooms to the public. Both the Fairbridge and the Derby advertise on the internet and accept reservations from all over the United States and, given their proximity to Interstate 75, market to out-of-state travelers.

13. Fairbridge and Derby are adjacent to each other and share the same principal office address, the same registered agent, the same organizer, the same member, and were even organized on the same date. Further, Fairbridge and Derby share the same entry way and parking lot.

14. Day to day operations for both Fairbridge and Derby are managed by Tushar

Patel.

15. At the time Plaintiff was hired, she did not have a permanent residence. The Defendants offered her employment as a housekeeper at the rate of $7.25, plus the use of a hotel room (Room 435 in Derby) to live in during her employment. However, Defendants only paid her $140 per week claiming the provided room made up the difference.

16. Plaintiff was employed by Defendants from January 19, 2020 to July 24, 2020, as a housekeeper.

17. Plaintiff worked at both Derby and Fairbridge (jointly referred to as "the Hotels") as the workload required and often went back and forth during the day between the Hotels. Plaintiff took direction from Tushar Patel while working at both of the Hotels, as he managed both of the Hotels.

18. During the Plaintiff's employment with Defendants, both Defendants directed every aspect of the Plaintiff's employment including tasks, times worked, salary paid, supervision, etc. Plaintiff was paid by both Defendants at different times during her employment.

19. Defendants generally paid the Plaintiff's wages in cash, although occasionally they gave her checks. Defendants did not take out taxes from Plaintiff's pay checks, nor did they pay Medicare, Social Security, or other employer required taxes on Plaintiff's wages.

20. During her employment with Defendants, Plaintiff was required to work seven days a week for a minimum of 8 hours each day (from 9 a.m. to 5 p.m.) and often was required to work more than 8 hours per day, beginning before 9 a.m. and/or working until after 5 p.m.

21. Defendants required Plaintiff to be on call twenty-four hours per day, seven days per week and remain on the hotel property for the benefit of Defendants.

22. Plaintiff was the sole employee of the Defendants performing housekeeping and laundry duties during her tenure with Defendants.

23. Defendants did not pay Plaintiff's time and a half of her regular rate of pay for every hour over forty hours per week she worked. Defendants further failed to pay Plaintiff minimum wage.

24. Defendants did not include the compensation for lodging in calculating Plaintiff's overtime rate for hours worked over forty hours per week.

### III. Causes of Action Pursuant to the Fair Labor Standards Act

25. Plaintiff adopts by reference each and every material averment contained paragraphs 1 through 28 above as if fully set forth herein.

26. Defendants are joint employers under the FSLA.

27. Defendants improperly accounted the value of housing provided to Plaintiff towards Defendants' wage obligations under the FLSA.

28. Defendants' pay practices violated the FLSA's minimum wage and overtime

provisions.

29. Defendants required Plaintiff to live on the employer's premises to meet the business needs of the employer.

30. Defendants expected Plaintiff to provide assistance through the day and/or night.

31. Defendants did not define any specific periods of time that Plaintiff was completely relieved of her duties.

32. Plaintiff was engaged to wait while on premises, including overnight and on weekends.

33. Defendants never provided Plaintiff any wage records.

34. Defendants did not issue wage records showing on a workweek basis the pay owed to Plaintiff for hours employed as required by law.

35. Defendants failed to provide wage records showing how the additions or deductions for lodging affected the total cash wages owed to Plaintiff as required by law.

36. Defendants improperly claimed credit for lodging which exceeded the "reasonable cost" and "fair value" of facilities furnished.

37. Defendants improperly claimed credit for lodging for Plaintiff's share of the housing.

38. Defendant improperly claimed credit and excessive valuation of Plaintiff's

lodging disqualifies Defendants from claiming any credit of the lodging toward Plaintiff's wages.

39. Defendants improperly claimed the lodging as credit towards its wage obligations because it failed to take the claimed value of lodging when calculating the hourly rates for Plaintiff in a given week.

40. Defendants' pay practices with respect to Plaintiff failed to satisfy its minimum wage obligation to Plaintiff.

41. Defendants' pay practices with respect to Plaintiff failed to satisfy its overtime compensation obligation to Plaintiff.

42. Defendants failed to satisfy the prerequisites for claiming lodging towards its wage obligations for Plaintiff.

43. Defendants' violation of the FLSA was not based on good faith and was willful.

## IV.    Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

1. That process issue against Defendants and that Defendants be required to answer within the time period provided by applicable law;

2. that Plaintiff be awarded damages against Defendants jointly and severable in the amount of her unpaid wages, both unpaid minimum wages, and unpaid overtime compensation, and an additional amount as liquidated

damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. that Defendants jointly and severable be required to pay Plaintiff's attorneys' fees;

4. that Defendants jointly and severable be required to pay the costs and expenses of this action;

5. that Plaintiff be granted such other, further and general relief to which she may show herself entitled; and

6. that a jury be impaneled to hear this cause of action at trial.

## V.  Jury Demand

PLAINTIFF DEMANDS A JURY TRIAL

        Respectfully submitted,

        /s/ William Gregory Dobson, Esq.
        William Gregory Dobson, Esq.
        Georgia Bar No.: 237770
        Lober & Dobson, LLC
        1040 Fort Stephenson Road
        Lookout Mountain, GA 30750
        wgd@lddlawyers.com

        /s/ A. Danielle McBride, Esq.
        A. Danielle McBride, Esq.
        Georgia Bar No.: 800824
        Lober & Dobson, LLC
        830 Mulberry Street, Suite 201
        Macon, GA 31201
        (478) 745-7700
        admcbride@lddlawyers.com

/s/ Michael J. Lober
Michael J. Lober
Georgia Bar No.455580
Lober & Dobson, LLC
1197 Canton Street
Roswell, GA 30075
(770) 741-0700
mjlober@lddlawyers.com

**ADDRESS FOR SERVICE:**

Param Krupa LLC
c/o Mayank Patel, Reg. Agent
200 A Valley Drive
Perry, Georgia 31069

Pari K LLC
c/o Mayank Patel, Reg. Agent
200 A Valley Drive
Perry, Georgia 31069