IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STEPHANIE LYNN GIBSON,

    Plaintiff,

v.

PARAM KRUPA, LLC and
PARI K, LLC,

    Defendants.

CIVIL ACTION NO.
5:21-cv-00096-TES

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

COMES NOW Plaintiff Stephanie Lynn Gibson and Defendants Param Krupa, LLC and Pari K, LLC (collectively the "Parties"), by and through their undersigned counsel, and respectfully request judicial approval of a negotiated settlement between the Parties, and dismissal with prejudice pursuant to Federal Rule Civil Procedure 41(a)(1)(A)(ii), showing as follows:

### FACTUAL BACKGROUND

On March 22, 2021, Plaintiff initiated this action to recover alleged unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] Defendants were served with Plaintiff's Complaint on July 15, 2021.[2] Defendants timely answered Plaintiff's Complaint on August 5, 2021[3] in which Defendants denied all of Plaintiff's claims, including that Plaintiff was an "employee" of Defendants or that Defendants were subject to FLSA requirements.

---

[1] Doc. 1.
[2] Docs. 5 and 6.
[3] Doc. 7.

In November 2021, the Parties agreed to a settlement of all claims and proceeded to finalize the terms of that settlement in a written document.[4]

## ARGUMENT AND CITATION OF AUTHORITY

In instances where an employee brings suit to recover wages for alleged FLSA violations, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[5] The Court should approve the settlement if the compromise is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[6] "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation."[7]

### A.   The settlement is fair and reasonable

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)   The existence of fraud or collusion behind the settlement;

(2)   The complexity, expense, and likely duration of the litigation;

(3)   The stage of the proceedings and the amount of discovery completed;

(4)   The probability of plaintiff's success on the merits;

(5)   The range of possible recovery; and

(6)   The opinions of counsel.[8]

---

[4] *See* Settlement Agreement, attached hereto as Exhibit "A."
[5] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).
[6] *Johnson v. Phil J. Sheridan Co.*, 2018 WL 7360629 at *1 (M.D. Ga. April 3, 2018) (quotation and citation omitted).
[7] *Id.*
[8] *Leverso v. South Trust Bank of Ala., N.A.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

Here, the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute. The Parties have been represented by counsel experienced in the litigation of FLSA claims. Further, the settlement amount and the final Settlement Agreement were agreed upon after the Parties had engaged in arms-length negotiations. Moreover, there has been no collusion, fraud, or any other inappropriate conduct by the Parties. In addition, the proposed Settlement Agreement is fair and reasonable given the odds of obtaining a more favorable resolution at trial and the financial risks of continued litigation, considering the legal and factual issues that are present in the case.

Furthermore, entering into the proposed Settlement Agreement does not frustrate the implementation of the FLSA. There is no likelihood that Plaintiff's circumstances will recur given that Plaintiff alleges that she was employed by Defendants (which is disputed by Defendants) from January 19, 2020 to July 24, 2020 and the Parties agree that Plaintiff has had no further contact with Defendants since July 24, 2020. Additionally, the Settlement Agreement is not being filed under seal.

## **CONCLUSION**

For the reasons described herein, the Parties respectfully request that this Court approve the Settlement Agreement and dismiss the instant action with prejudice. A Proposed Order is attached hereto for the Court's convenience as Exhibit "B."

This 30th day of December, 2021.

                          Respectfully submitted,

                          */s/ G. Grant Greenwood*
                          G. GRANT GREENWOOD
                          State Bar No. 309166
                          Attorney for Defendants Param Krupa, LLC and Pari K, LLC
                          JAMES-BATES-BRANNAN-GROOVER, LLP
                          231 Riverside Drive, Suite 100
                          Post Office Box 4283
                          Macon, Georgia 31208-4283
                          (478) 742-4280
                          ggreenwood@jamesbatesllp.com


                          */s/ Michael J. Lober*
                          Michael J. Lober
                          State Bar No. 455580
                          Attorney for Plaintiff Stephanie Lynn Gibson
                          Lober & Dobson, LLC
                          1197 Canton Street
                          Roswell, Georgia 30075
                          (770) 741-0700
                          mjlober@lddlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2021, the foregoing was electronically filed using the CM/ECF system, which will provide an electronic copy to all counsel of record.

/s/ *G. Grant Greenwood*
G. GRANT GREENWOOD
Georgia Bar No. 309166
Attorney for Defendants Param Krupa, LLC and Pari K, LLC


JAMES-BATES-BRANNAN-GROOVER, LLP
231 Riverside Drive, Suite 100
Post Office Box 4283
Macon, Georgia 31208-4283
Email: ggreenwood@jamesbatesllp.com
Telephone:    (478) 742-4280
Facsimile:    (478) 742-8720